## JAY v. ROBISON et ux.
### No. 2546.

Court of Civil Appeals of Texas. El Paso. May 28, 1931.

Rehearing Denied June 25, 1931.

Templeton & Templeton, of Fort Worth, for appellant.

Hiner & Pannill and E. B. Hendricks, all of Fort Worth, for appellees.

PELPHREY, C. J.

On May 16, 1929, appellees conveyed to appellant a five-acre tract in Tarrant county, Tex., and appellant conveyed to appellees an 80-acre tract in Somervell county, Texas. Appellees' property was valued at $2,500, while that of appellant was valued at $5,000, and appellees executed nine vendor's lien notes in favor of appellant on the Somervell county property amounting to $2,500. Appellees moved on the Somervell county land and resided there until September 4, 1929, when they deeded it back to appellant in consideration of $10 and the cancellation of the nine notes.

Contemporaneously the parties executed the following agreement:

"Whereas heretofore on the 14th day of May, 1929, said X. X. Jay and wife conveyed to Joe E. Robison and wife, Edith Robison, Eighty (80) acres of land in Somervell County, Texas, by warranty deed of said date for and in consideration of $5,000.00 of which amount the sum of $2,500.00 was evidenced by nine (9) certain vendor's lien notes of the said Joe E. Robison and wife, Edith Robison, fully described in said deed, all payable to X. X. Jay, and,

"Whereas the said Joe E. Robison and wife Edith Robison have this day reconveyed said land to the said X. X. Jay in consideration of the cancellation of said nine (9) notes by said X. X. Jay, the said X. X. Jay has this day purchased from said Joe E. Robison and wife, Edith Robison, all chickens, turkeys and hogs of the said Robisons and now located on said farm.

"It is therefore agreed between the said X. X. Jay and the said Joe E. Robison and wife Edith Robison, that the said X. X. Jay shall at once take charge of said farm and all said property so purchased by him from said Robison and wife, and will at once begin to make diligent efforts to sell said farm or to trade the same for other property, Fort Worth residence property being preferred, and it is further agreed between the parties hereto that said X. X. Jay will pay to said Joe E. Robison and wife Edith Robison all money or property he shall receive for said 80 acres of land above referred to, above the amount of said $2500.00 evidenced by the notes which were by said X. X. Jay cancelled and released, and interest thereon from May 16, 1929, at 8% per annum, and all expenses of making such sale, including advertising, abstracts, etc., that is to say, the said X. X. Jay agrees to as soon as practical to again sell said farm for as much as possible, not to sacrifice the same unreasonably, and after paying himself the amount of the said $2500.00 plus accrued interest from May 16, 1929, also all necessary and proper expenses of making the sale to remit to said Joe E. Robison and wife Edith Robison the balance, either in money or property as the case may be.

"It is further understood and agreed that the said X. X. Jay shall be the sole judge of the value of any property so accepted by him in exchange for said land, and that in conveying and making sale of said property he shall not in any manner be interfered with by either the said Joe E. Robison or wife, Edith Robison. And it is further understood and agreed that this agreement shall not in any manner place or fix a lien on said farm or in any manner encumber the same, but the said X. X. Jay shall be absolutely free to act as he shall think best in making said sale."

Appellant then took possession of the Somervell county land, and according to his testimony, made some improvements thereon and then traded it for some business property on Hemphill street in Fort Worth.

Some weeks after appellant received the deed to the five-acre tract he borrowed $1,500 and gave a deed of trust on that tract as security.

This suit was instituted by appellees to recover from appellant the five-acre tract and $1,500 to cover the lien which appellant had placed thereon.

They alleged as a basis for recovery that the five-acre tract was the separate property of Edith Robison; that she was coerced by her husband to sign the deed; that the notary who took her acknowledgment to the deed, while his certificate was in regular form, examined her in the presence of both her husband and appellant; that she did not sign the deed willingly; that the execution of the deed was induced by certain fraudulent representations made to them by appellant; and that appellant soon after receiving the deed for said property fraudulently negotiated the $1,500 loan on the property.

They prayed for a cancellation of the deed executed by them to appellant, for $1,500, with interest, and $50 per month rental on the property during the time the property had been withheld from them by appellant.

Appellant answered by a general demurrer, a general denial, denied specially all the charges of fraud and misrepresentation, and further pleaded that appellees had inspected and fully informed themselves as to the Somervell county land before the trade was consummated, and that, after living on the property for several months, they entered into the above-quoted agreement, and that by these facts they were estopped to claim a right to cancellation. Appellees by supplemental petition admitted the execution of the subsequent agreement but alleged that they were induced by fraud to execute it.

In response to special issue the jury found that appellant represented to appellees as a matter of fact that the Somervell county property was worth $5,000; that it was worth only $1,600; that appellees relied upon such representation; that they would not have executed the deed but for such representation; that the 5 acres in Tarrant county was the separate property of Mrs. Robison; that appellant was present when Mrs. Robison's acknowledgment was taken to the deed for such property and knew that she was not examined privily and apart from her husband; that appellant represented to appellees that the Somervell county land had two wells on it producing an abundant supply of water and that they never went dry; that such representation was untrue; that appellees would not have executed the deed to the five acres but for such representation; that the reasonable rental value of the 5 acres was $25 per month; and that appellant did not enter into the subsequent agreement in good faith with the expectation of performing it.

Judgment was rendered that appellees recover title and possession of the 5-acre tract; that title thereto be vested in Edith Robison as her separate property; that the deed from appellees to appellant conveying said tract be cancelled; that appellees recover the $1,500, the amount of the note given on said property by appellant and interest, except the six months' interest paid by appellant; and that appellees recover $248 as damages for the withholding of the property.

This appeal was then perfected from such judgment.

### Opinion.

Appellant's brief contains sixteen propositions, in substance, as follows: (1) That the subsequent action and conduct of appellees in handling and disposing of the Somervell county property was such as to estop them from now claiming a rescission of the original trade and that the new agreement constituting a settlement of the differences between the parties, a recovery, if any, must be based on the new agreement; (2) that appellees having been afforded an opportunity to examine and inspect the Somervell county land before the trade was consummated, they were not misled by any representations made by appellant, and that if misled thereby, they, after learning of the misrepresentations, elected to waive such fraud and misrepresentations by voluntarily entering into the subsequent agreement; (3) that the subsequent conduct of appellees in the handling and disposition of the Somervell county property, together with their subsequent recognition of the transfer of their homestead, constituted affirmative fraud on their part by which they are estopped; (4) that the judgment is erroneous because it affirmatively appears that the parties cannot be placed in status quo; (5) that the court erred in submitting the issue as to whether the 5-acre tract was the separate property of Mrs. Robison; (6) that by moving away from the 5-acre tract and occupying the Somervell county tract as a homestead, the deed to the five-acre tract became effective regardless of any defect in the acknowledgment of Mrs. Robison; (7) that the evidence was wholly insufficient to warrant the submission of issues 1, 2, 3, and 4; (8) that the rule of caveat emptor applies to the sale of the Somervell county land and the misrepresentations did not amount to actionable fraud; and (9) that the judgment for the item of $1,500 and interest, and the provisions in the judgment for the collection and disbursement of the proceeds thereof, is erroneous, oppressive, and unconscionable.

Appellees, on the other hand, present ten independent propositions besides ten counter propositions. In their independent propositions they assert that the 5-acre tract being the separate property of Mrs. Robison, her deed not acknowledged as required by law was void; that appellant, having procured the deed to himself by false representations, and with knowledge that it was not properly acknowledged, was not an innocent purchaser

thereof and therefore was not entitled to claim the property to be community property.

Appellees' contention being that the verdict of the jury properly interpreted could result in no other judgment than the one rendered, that the testimony shows that appellant had full notice that the property was Mrs. Robison's separate property, that the jury found that her acknowledgment was not properly taken, that appellant was present and knew that fact, and that only innocent purchasers or creditors being allowed to claim that property which is actually separate property belongs to the community because appearing on the record in that name, cannot here be urged by appellant, whether he had notice of her separate interest or not, he having procured the deed by fraud and having been present and knowing that her privy acknowledgment was not taken.

With this contention we are in accord. The jury found, and in fact it is not disputed, that the 5-acre tract was the separate property of Mrs. Robison, and there was no issue requested or submitted as to any notice of that fact to appellant.

Mrs. Robison testified: "I got in touch with Mr. Jay when my husband saw an ad in the paper and had me call up Mr. Jay. I called him up and talked to him over the phone about it. He told me he would come out and see my place. I told him where the place was located."

Appellant himself testified: "Mrs. Robison called me up three or four times—three times anyway, I know she called me that many times—about the property I had advertised in the paper. It isn't true that she called only one time. * * * I think it was the next day she called me again and at that time she told me she had a nice little place out there and a new house and an orchard and vineyard, and she wanted to trade it for a larger place, * * * she gave me a description of where I could find her place, and I didn't understand, but next time she told me I could find it from the grocery man. She said: 'You come out to Fowler's Grocery and he can tell you where I live.' It is about a half mile of Oak Lawn. I did try to find her place the third or fourth time."

This evidence would at least tend to show that appellant had full notice of Mrs. Robison's separate interest, and if that be true, then appellant could not now contend otherwise.

Appellant contends that as between him and appellees the title to the property was vested in the community, and cites us to a line of authorities holding that where the deed to the property is made to the community, as to innocent purchasers, for value and without notice, the legal presumption obtains that it belonged to the community.

We have no quarrel with the doctrine announced in the cases cited, but we fail to agree that the legal presumption will be indulged in favor of one whom the jury has found procured a deed to the property by means of false representations, for a wholly inadequate consideration, and who was present and knew that the wife's acknowledgment had been taken in the presence of her husband.

We agree with appellees that under the facts and the verdict as returned, the judgment rendered was the only one which the court could properly have rendered.

Having reached this conclusion, we shall not attempt to discuss the various assignments presented by appellant further than to say that they are overruled.

The judgment of the trial court is accordingly affirmed.